# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES KNIGHT,
      Petitioner,

v.                                              Case No. 06C0915

JOHN HUSZ,
      Respondent.

## ORDER

On August 24, 2006, Charles Knight filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner alleges that respondent wrongfully refused to release him on parole after service of two-thirds of his sentence, otherwise known as his "mandatory release" date, for failing to sign an authorization for disclosure of confidential information. He states that this is violative of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution.

In Wisconsin, prisoners' have a liberty interest in parole protected by the due process clause after their mandatory release date. Felce v. Fiedler, 974 F.2d 1484, 1491 (7th Cir. 1992). Furthermore, an individual generally has a First Amendment right to be silent. Thus, at this time, I cannot conclude that petitioner's allegation is not colorable under the First and/or Fourteenth Amendments to the Constitution. However, petitioner's allegation does not present a colorable claim under the Fourth, Fifth, Sixth, or Eighth Amendments.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory M. Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and

this order will be mailed by certified mail to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 17 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge