# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES KNIGHT,
    Petitioner,

v.                                   Case No. 06C0915

LARRY JENKINS,[1]
    Respondent.

## ORDER

Petitioner Charles Knight, a Wisconsin state prisoner, brings this habeas corpus petition under 28 U.S.C. § 2254, challenging the August 16, 2006 decision of the Administrator of the State of Wisconsin Division of Hearings and Appeals affirming the revocation of his parole. The Administrator determined that petitioner's refusal to authorize the release of information and to sign the rules of supervision obstructed the Department of Corrections's ability to properly supervise him and justified revocation. Before me now is respondent's motion to dismiss the petition based on petitioner's failure to exhaust his state remedies.

Before a federal court can consider the merits of a state prisoner's habeas claim, the petitioner must exhaust the remedies available to him in the state courts. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In order to exhaust such remedies, petitioner must appeal any adverse state court decision to the state's highest court. Id. The purpose of the exhaustion rule is to give the state courts an opportunity to review challenges to state custody before federal courts weigh in on the matter. Picard v. Connor, 404 U.S. 270, 275-

---

[1] I have amended the caption to reflect the fact that petitioner's custody was transferred to a different facility.

76 (1971). In the present case, petitioner challenged the Administrator's decision affirming the revocation of his parole in Milwaukee County Circuit Court, and when the court rejected his challenge, petitioner did not appeal. Further, petitioner has filed another challenge to his custody in Dane County Circuit Court, and that case is presently pending. Petitioner argues only that I should not dismiss his case because he believes that his claims are meritorious. However, it is clear that petitioner has not exhausted the remedies available to him in state courts and thus he must first argue the merits of his claim in that forum.

**Therefore,**

**IT IS ORDERED** that respondent's motion to dismiss for failure to exhaust is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE.**

Dated at Milwaukee, Wisconsin, this 7 day of June, 2007.

/s_____
LYNN ADELMAN
District Judge